UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of GELCO SERVICES, INC., an Oregon Corporation, | |
| Plaintiff, | CIV S-04-0814 DFL PAN |
| v. | |
| EAI INTERNATIONAL, INC., A California Corporation; THE REVEREND EDWARD V. HILL, aka THE ESTATE OF REVEREND V. HILL; THELMA MAGNO, an individual; and DOES 2-50, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

—oOo—

Pursuant to E. D. Cal. L. R. 72-302(c)(19), the Honorable David F. Levi referred to this court for findings and recommendations the calculation of plaintiff's damages for purposes of entering default judgment against defendant Thelma Magno.  Fed. R. Civ. P. 55(b)(2).

In this action under the Miller Act, 40 U.S.C. § 270a et seq., plaintiff seeks damages under a contract between the U.S. Air Force and EAI International, Inc., pursuant to which plaintiff subcontracted with EAI to perform sewer work at Travis Air Force Base.  EAI has filed Chapter 11 bankruptcy; plaintiff and defendant surety Estate of Reverend Edward V. Hill settled for $10,000.00; plaintiff proceeds against remaining defendant and surety Thelma Magno, the Chief Financial Officer and majority shareholder of EAI.

Judge Levi found entry of judgment against Magno appropriate but seeks this court's assessment of plaintiff's damages. Plaintiff has submitted additional documentation in support of its claim.

This court makes the following findings:

1. **On November 12, 2002, plaintiff subcontracted with EAI to repair the sanitary service system at Travis Air Force Base.**

   See Standard Subcontract Agreement executed by EAI President Daniel S. Esparza and Kelly Odell, Vice President of Gelco Services, Inc., citing Contract No. FO4626-02-C-0107 (Docket Entry 33);[1] Affidavit of Kelly Odell (Docket Entry 35, pp. 8-9).

2. **On February 7, 2003, defendant Thelma Magno agreed to act as surety for EAI pursuant to its contract with Travis Air Force Base.**

   See Payment Bond executed by EAI President Daniel S. Esparza and Thelma Magno, citing Contract No. FO4626-02-C-0107 (Docket Entry 34, pp. 1-2).

3. **Plaintiff fully performed its work at Travis Air Force Base by May 22, 2003, but EAI failed to compensate plaintiff the remaining principal amount of $195,179.35.**

---

[1] As the documents submitted by plaintiff are not clearly marked as separate exhibits, the court references them by docket number.

See Complaint filed April 23, 2004, paras. 9 & 10.

4. **As a result of plaintiff's $10,000.00 settlement with the Estate of Reverend V. Hill (Hill was another surety for EAI), plaintiff seeks damages from Magno in the amount of $185,179.35.**

See Documents in Support of Entry of Judgment Against Defendant Thelma Magno (Docket Entries 31 & 32, paras. 3, 4 & 5); Settlement of Claim (Docket Entry 34, p. 5); Affidavit of Karen Wilcke, Controller for Gelco Services, Inc. (Docket Entry 34, p. 6-7).

5. **The principal amount of $185,179.35 is calculated as follows:**[2]

| Date & Invoice # | Billed | Paid | Current Balance | Total Balance |
|---|---|---|---|---|
| 12-2002  #20317 | **$30.296.00** | | | |
| | | **($20,000.00)** (1-13-03) | | |
| | | **($10,000.00)** (3-30-03 Settlement) | | |
| | | | **$296.00** | **$296.00** |
| 2-2003 #03-1020 | **$93,697.00** | | | |
| | | **($93,697.00)** (3-11-03) | | |
| | | | | **$296.00** |
| 3-2003 #03-1033 | **$213,048.00** | | | |
| | | **($213,048.00)** (3-28-03) | | |
| | | | | **$296.00** |
| 4-2005 #03-1049 | **$228,654.35** | | | |
| | | **($130,000.00)** (6-13-03) | | |
| | | | **$98,654.35** | **$98,950.35** |

---

[2] Plaintiff has submitted and this court has reviewed conforming invoices and billing statements for Invoices 20317, 03-1049 and 03-179 (the invoices that were not fully paid).

3

| Date & Invoice # | Billed | Paid | Current Balance | Total Balance |
|---|---|---|---|---|
| 6-2005 #03-1079 | **$86,229.00** | ($0) | $86,229.00 | **$185,179.35** |

6. **Plaintiff has demonstrated entitlement to an award of damages in the principal amount of $185,179.35.**

Accordingly, the court recommends damages be awarded to plaintiff in the principal amount of $185,179.35. The court further recommends an award of prejudgment interest at the rate of 1.50%[3] and postjudgment interest pursuant to 28 U.S.C. § 1961 at the rate of 3.82%. The court also recommends an award of reasonable attorney fees and costs[4] although plaintiff has not submitted those amounts.

---

[3] "Allowance of pre-judgment interest to a Miller Act plaintiff is an issue of federal law. However, since the Miller Act says nothing about interest, we look to state law as a matter of convenience and practicality." U.S. ex rel. Bartec Industries, Inc. v. United Pacific Co., 976 F.2d 1274, 1279 (9th Cir. 1992), as amended, 15 F.3d 855, 856 (9th Cir. 1994) (citations and internal quotations omitted). "Under California law prejudgment interest is available if the damages awarded are certain, or capable of being made certain by calculation. Cal. Civ. Code § 3287(a). Certainty in this context requires that (1) ... the debtor knows the amount owed or (2) ... the debtor would be able to compute the damages." Bartec, 15 F.3d at 856 (citations and internal quotations omitted). Plaintiff's invoices clearly state entitlement to 1.5% interest per month for unpaid balances. Cf., U.S. for Use and Benefit of Hawaiian Rock Products Corp. v. A.E. Lopez Enterprises, Ltd., 74 F.3d 972, 976 (9th Cir. 1996) (noting contract terms regarding past due interest were clearly stated on invoices).

[4] The "American Rule" provides that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract and this rule governs the award of attorney's fees in Miller Act cases. F.D. Rich Co. v. United States ex. rel. Indus. Lumber Co., 417 U.S. 116, 126 (1974). The parties contract provides for "full compensation" of attorney's fees and costs "incurred in good faith" pursuant to litigation. See Standard Subcontract Agreement, § 24 (Docket Entry 33, at p. 9).

4

    These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    Dated: September 29, 2005.

                                  /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge